**Sanjiv KUMAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74232.
Agency No. A76–383–191.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, John C. Cunningham, Esq., John S. Hogan, Esq., DOJ—.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Sanjiv Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the IJ's determination that Kumar failed to file his asylum application within one year of his arrival in the United States. *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). We also lack jurisdiction to review the IJ's determination that no extraordinary circumstances excused the late filing. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Accordingly, we dismiss Kumar's petition for review with respect to his asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the IJ's denial of withholding of removal and relief under the CAT. We review an IJ's adverse credibility finding under the substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). We must uphold the IJ's findings unless the evidence presented compels a contrary result. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999).

Substantial evidence supports the IJ's adverse credibility determination because inconsistencies as to how Kumar was able to secure his release from the Indian police and travel to the United States go to the heart of his claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (upholding adverse credibility determination where inconsistencies related to events leading up to petitioner's departure). Accordingly, Kumar did not establish eligibility for withholding of removal. *See Singh–Kaur,* 183 F.3d at 1149.

Kumar is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

* This panel unanimously finds this case suitable for decision without oral argument. See

PETITION FOR REVIEW DISMISSED in part; DENIED in part.